## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MARLO PITTMAN,
    *Petitioner*,

    v.                                              No. 3:22-cv-01651 (JAM)

T. PULLEN,
    *Respondent*.

### ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Marlo Pittman has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking the removal of an escape point from his custody classification formula. The respondent warden of the Federal Correctional Institution, Danbury ("FCI Danbury") has filed a motion to dismiss. While his petition was pending, Pittman was transferred to the United States Penitentiary, Atlanta ("USP Atlanta").

For the reasons set forth below, I will dismiss the petition for lack of proper venue and as moot in terms of seeking relief against the warden of a prison where Pittman is no longer confined. I choose to dismiss this action rather than transfer it to the federal court in the Northern District of Georgia where Pittman is now confined, because the potentially relevant transfer statutes—28 U.S.C. §§ 1404(a), 1406(a), and 1631—do not allow, absent mutual party consent, for a court to transfer an action to a district where venue would not have been proper at the time that the habeas corpus petition was filed. So I will dismiss the action but without prejudice to Pittman's filing of a renewed petition in the Northern District of Georgia or, alternatively, the transfer of this case if the parties wish to file consents to the transfer of this action to the Northern District of Georgia.

## BACKGROUND

The following facts are derived from Pittman's habeas corpus petition and from the motion to dismiss.[1]

On April 27, 2018, Pittman was sentenced to 15 months of imprisonment, followed by three years of supervised release, for possession of an authentication feature or false identification document with the intent to defraud the United States, in violation of 18 U.S.C. § 1028(a)(4).[2] On March 25, 2019, he was sentenced to 204 months of imprisonment, followed by eight years of supervised release, for conspiracy to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, and money laundering, in violation of 18 U.S.C. § 1956(h).[3]

During his confinement, Pittman received an escape point on his BP-338 "Custody Classification Form."[4] Pittman appealed the award of that point to his case manager, the FCI Danbury warden, Acting Regional Director B. M. Antonelli, and National Inmate Appeals Administrator Ian Connors.[5] Each appeal was denied.[6]

Pittman filed the instant petition on December 29, 2022.[7] He claims that the escape point on his custody classification "[a]ffects [his] custody and First Step [Act] credits."[8] Specifically, the escape point "prevents [him] from obtaining a minimum custody level," which provides

---

[1] Doc. #1; Doc. #7-1.

[2] Doc. #7-1 at 1; *see* Doc. #26, *United States v. Pittman*, No. 1:18-cr-91 (E.D.V.A. 2018).

[3] Doc. #7-1 at 1; *see* Doc. #131, *United States v. Collazo-Florido*, No. 1:17-cr-274 (N.D. Ga. 2019).

[4] Doc. #1 at 10 (¶ A), 31. The exact date on which this classification was completed, as well as the date on which Pittman was made aware that he received an escape point, are unclear from the record.

[5] *Id.* at 10 (¶¶ B–F), 13, 15, 18, 22–23, 27–28.

[6] *Id.* at 10 (¶¶ B–F), 13, 14, 16–17, 21, 26

[7] *Id.* at 1; Doc. #7-1 at 2.

[8] Doc. #1 at 6.

"more quality released based programs, at minimum facilit[ies]."[9] Pittman further claims that

with the denial of his final appeal, he "exhausted all of [his] administrative remed[ies]."[10]

Respondent filed the motion to dismiss on February 10, 2023.[11] Respondent argues

Pittman has not exhausted his administrative remedies in respect to his claim that the escape

point inhibits his ability to earn time off of his sentence under the First Step Act.[12] Additionally,

respondent claims Pittman has been receiving First Step Act credits and does not otherwise have

a protected liberty interest in his custody classification, so his petition should therefore be

dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[13]

While this petition was pending, Pittman filed a notice of change of address on May 30,

2023 advising that he was transferred to USP Atlanta.[14]

## DISCUSSION

A federal court has jurisdiction over habeas corpus petitions filed by federal prisoners

who are "in custody under or by color of the authority of the United States" or who are "in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2241(c)(1), (c)(3). Section 2241 applies to "challenges to the execution of a federal sentence,

including such matters as the administration of parole, . . . prison disciplinary actions, prison

transfers, type of detention and prison conditions." *Thompson v. Choinski*, 525 F.3d 205, 209 (2d

Cir. 2008).[15]

---

[9] Doc. #1 at 12.

[10] Doc. #1 at 6, 10 (¶ F).

[11] Doc. #7.

[12] Doc. #7-1 at 2 n.1.

[13] *Id.* at 2 n.1, 6–7, 9. Pittman's reply does not contest respondent's assertion that his escape conviction and custody classification are not impairing his accumulation of credits under the First Step Act, *see* Doc. #9, and he has filed a subsequent letter stating that "[t]he government has responded that I am receiving credit under the First Step Act for which I'm grateful." Doc. #11.

[14] Doc. #10; *see Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Sept. 27, 2023) (searching with BOP registration number 61199-065).

[15] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

The proper venue for a habeas corpus petition "lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see Frady v. Youngs*, 2021 WL 4169459, at *1 (D. Conn. 2021) ("Venue is appropriate only in the district in which the petitioner is confined for a petition for writ of habeas corpus filed under 28 U.S.C. § 2241, that challenges the petitioner's present physical confinement.").

Moreover, a prisoner's transfer from one prison to a second prison moots the prisoner's claims for injunctive relief against officials of the first prison. *See Hill v. Zenk*, 115 F. App'x 97, 97 (2d Cir. 2004) ("Because [the petitioner] brought his action for relief against the warden of a facility in which he concedes he is no longer incarcerated, his petition for relief is moot."); *Beagle v. Easter*, 2021 WL 1026885, at *3 (D. Conn. 2021) (collecting cases). "This outcome is required even if the Section 2241 habeas petition was properly filed in the district of confinement prior to the transfer." *Kidd v. Tellez*, 2023 WL 2652605, at *2 (E.D.N.Y. 2023).

Pittman was confined at FCI Danbury when he filed the instant petition on December 29, 2022. But he alerted the Court on May 30, 2023 of his transfer to USP Atlanta, where he is currently incarcerated. Consequently, Pittman's claims for injunctive relief against the warden of FCI Danbury are moot. And although neither party has raised the issue of mootness, the issue goes to a party's standing to maintain a federal action under Article III of the Constitution and must be raised by a court *sua sponte*. *See Winston v. City of Syracuse*, 887 F.3d 553, 558 n.3 (2d Cir. 2018).

I have considered whether I should transfer the action to the Northern District of Georgia—the district where Pittman is now confined—rather than dismissing it. At least one court confronting the same circumstances involving a prisoner's transfer to an out-of-district

facility after he had filed his habeas corpus petition has opted to transfer the action pursuant to 28 U.S.C. § 1404(a). *See Kidd*, 2023 WL 2652605, at *3.[16]

But other courts have recognized that a district court is generally precluded from transferring a case involving a petitioner's interim transfer to an out-of-district prison because the relevant transfer statutes—28 U.S.C. §§ 1404(a), 1406(a) and 1631—allow for a transfer only if the action "might have been brought" or "could have been brought" in the transferee district at the time that the habeas corpus petition was first filed. *See Parker v. Hazelwood,* 2019 WL 4261832, at *6 (D.N.H. 2019) ("In the interests of justice and efficiency, the court would prefer to transfer this action to the Eastern District of Virginia, rather than dismiss it without prejudice. Unfortunately, this court lacks the power to do so under any of the applicable transfer statutes, which all limit transfer to a district where the action could have been brought in the first instance.") (citing §§ 1404(a), 1406(a), 1631); *Juste v. Lynch*, 2016 WL 4661346, at *1 (W.D.N.Y. 2016) (noting that §§ 1404(a), 1406(a), and 1631 "are clear – this Court lacks the authority to transfer to a district where the action could not have been brought when it was initially commenced"); *Jeffus v. Drew*, 2007 WL 809687, at *2 (N.D. Ga. 2007) (citing and discussing *Hoffman v. Blaski*, 363 U.S. 360 (1960) in construing similar language in § 1404(a) to require that the action might have been brought in the transferee district at the time that it was first filed); *see also Taylor v. Berkebile,* 2009 WL 1362488, at *1 (S.D.W. Va. 2009) (same for habeas corpus petition transfer pursuant to § 1631); *Bashir v. United States Attorney General*, 508 F. Supp. 1108, 1109 (E.D. Va. 1981) (same for habeas corpus petition transfer pursuant to § 1404(a)).

---

[16] The *Kidd* decision cited 28 U.S.C. § 1404(a) as its basis for transfer but then instead quoted a different transfer statute, 28 U.S.C. §1406(a). The language of § 1404(a) allows a case to be transferred only to a district "where it *might* have been brought" absent party consent, while the language of § 1406(a) allows transfer only to a district "in which it *could* have been brought." (Emphasis added). These standards appear essentially identical.

I am persuaded by the latter courts' reasoning and the fact that the court in *Kidd* did not grapple with the transfer statutes' requirement that the action "might have been brought" or "could have been brought" in the transferee district. Because venue was not proper in the Northern District of Georgia when Pittman first filed this habeas corpus petition, I decline to transfer the petition.

I note, however, that one of the transfer statutes—28 U.S.C. § 1404(a)—not only allows for a district court to transfer a case to another district if "it might have been brought" in the first place in the transferee district but also allows transfer to "any district or division to which all parties have consented." Therefore, if the parties wish to mutually consent to the transfer of this action to the Northern District of Georgia, they may each file statements of consent on the docket within 30 days in which case I intend to re-open this action, vacate the dismissal order, and transfer the case on party consent to the Northern District of Georgia.

One last point. In the event that Pittman chooses to file a new habeas corpus petition in the Northern District of Georgia, he cannot be assured that the federal court in Georgia will credit his efforts to exhaust his remedies at FCI Danbury if he has not likewise exhausted his administrative remedies at USP Atlanta. If he wishes to avoid a possible argument or holding that he has not properly exhausted his administrative remedies, he may wish to promptly initiate the exhaustion process at USP Atlanta.

## CONCLUSION

For the reasons stated above, the Court DISMISSES the petition for writ of habeas corpus without prejudice to Pittman's re-filing of his petition in the U.S. District Court for the Northern District of Georgia in which district he is presently confined. Respondent's motion to dismiss (Doc. #7) is DENIED as moot in light of the dismissal of this action on different grounds. The Clerk of Court shall close this case subject to re-opening for transfer in the event that all parties

timely file consents to transfer to the Northern District of Georgia within 30 days.

It is so ordered.

Dated at New Haven this 29th day of September 2023.

                                        /s/ *Jeffrey Alker Meyer*
                                        Jeffrey Alker Meyer
                                        United States District Judge